OPINION
{¶ 1} On February 3, 2000, appellant, Arvind Shah, was involved in a motor vehicle accident. At the time of the accident, appellant was operating a vehicle on loan from Waikem Motors, Inc. Appellant was loaning the vehicle while Waikem performed repairs on his own vehicle.
 {¶ 2} Appellant was insured under a policy issued by appellee, Nationwide Insurance Company. Nationwide paid a total of $15,769.29 for the repairs to the vehicle.
 {¶ 3} On June 23, 2000, Waikem filed a complaint against appellant for breach of contract and negligence. Specifically, Waikem sought compensation for the diminished value of the vehicle per the "Rental Agreement Contract."
 {¶ 4} On April 16, 2001, the trial court permitted Nationwide the right to intervene. Thereafter, Nationwide filed a complaint for declaratory relief, claiming it had no further obligation to pay funds under the policy.
 {¶ 5} Appellant filed an answer and counterclaim to Nationwide's complaint. Appellant claimed Nationwide was negligent in failing to obtain a full release from Waikem.
 {¶ 6} On July 30, 2001, Nationwide filed a motion for summary judgment. By judgment entry filed May 31, 2002, the trial court granted the motion, finding appellant was not covered for diminution in value and therefore Nationwide was not obligated to defend appellant.
 {¶ 7} Appellant and Waikem settled their dispute on June 8, 2003. A final entry of dismissal was journalized on August 11, 2003.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 9} "The court committed error in granting summary judgment in favor of the intervening plaintiff, nationwide insurance co. against the defendant, arvind."
 II {¶ 10} "The court erred in not construing the contract of insurance against the drafting party."
 I, II {¶ 11} Appellant challenges the trial court's decision in granting summary judgment to Nationwide. Specifically, appellant claims the trial court erred in finding no coverage under the policy for a claim of diminished value. We disagree.
 {¶ 12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 13} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 15} In its judgment entry of May 31, 2002, the trial court found the following:
 {¶ 16} "1. That Shah is not entitled to coverage under his Nationwide policy for diminution in value of the rental vehicle owned by Waikem Motors, Inc.;
 {¶ 17} "2. That Shah is not entitled to coverage under his Nationwide policy for damages arising out of an alleged breach of contract;
 {¶ 18} "3. That Nationwide is not required to provide defendant, Arvind Shah, with indemnification or defense for said claims; and,
 {¶ 19} "4. That Nationwide is entitled to summary judgment on Shah's counterclaim for negligence."
 {¶ 20} The genesis of the lawsuit was a claim by Waikem for diminished value to the loaner vehicle as a result of appellant's negligence per the "Rental Agreement Contract," attached to the complaint filed June 23, 2002. At the time of the accident, appellant was insured by Nationwide.[1]
 {¶ 21} Nationwide's motion for summary judgment was based upon lack of coverage under the policy for a diminished value claim, and appellant's counterclaim that Nationwide was negligent in failing to obtain a full release from Waikem regarding all claims against him when Nationwide settled the property damage claim.
 {¶ 22} The contract of insurance is clear and unambiguous. It states the following under "Coverage Agreement," Auto 6161-C, page 6:
 {¶ 23} "Property Damage and Bodily Injury Liability Coverage
 {¶ 24} "1. We will pay for damages for which you are legally liable as a result of an accident arising out of the:
 {¶ 25} "a) ownership;
 {¶ 26} "b) maintenance or use; or
 {¶ 27} "c) loading or unloading;
 {¶ 28} "of your auto. * * *
 {¶ 29} "2. Damages must involve:
 {¶ 30} "a) property damage; or
 {¶ 31} "b) bodily injury."
 {¶ 32} Property damage is defined as:
 {¶ 33} "ACTUAL CASH VALUE The limit of our coverage is the cash value of your auto or its damaged parts at the time of loss. To determine cash value, we will consider:
 {¶ 34} "1. fair market value;
 {¶ 35} "2. age; and
 {¶ 36} "3. condition of the property; at the time of loss." Auto 6161-C, page 5.
 {¶ 37} Waikem's claim for diminished value is based upon the Rental Agreement Contract and not the accident. As Nationwide had already paid for the property damage to the vehicle, it was not liable for the extraneous "contract" damages arising from the Rental Agreement Contract.
 {¶ 38} Appellant's counterclaim asserted Nationwide failed in its duty under the contract of insurance to obtain a full release of all claims against appellant. Again, the contract of insurance controls the duty owed by Nationwide to appellant. The provision of the policy that governs payment states the following in pertinent part:
 {¶ 39} "We will pay such liability losses, including pre-judgment interest, up to the limits stated in the Declarations. In addition to these limits and as to any covered damages, we will:
 {¶ 40} "a) defend at our expense, with attorneys of our choice, any suit against the insured. We may settle or defend any claim or suit as we think proper." Auto 6161-C, page 6.
 {¶ 41} The policy does not include securing a release for damages beyond the scope of coverage.
 {¶ 42} Because the language is clear and ambiguous, we find the plain meaning of the contract excludes the claims prayed for in the counterclaim.
 {¶ 43} Upon review, we find the trial court did not err in granting summary judgment to Nationwide.
 {¶ 44} Assignments of Error I and II are denied.
 {¶ 45} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
Wise, J. and Boggins, J. concur.
[1] On August 11, 2003, appellant and Waikem filed an agreed judgment entry on the amount owed to Waikem, and the complaint was dismissed.